## M. F. Lerch & Son v. Line Mountain Coal Company.

*Sales — Trade custom in conflict with express agreement — Affidavit of defence.*

1. A custom of the trade in contradiction of an express written agreement upon which the suit is based must be averred in the affidavit of defence with the definiteness and certainty indicated in Albus *v.* Toomey, 273 Pa. 303, as necessary to sustain its validity.

*Practice, O. C.—Granting leave to file supplemental affidavit of defence.*

2. An application at bar for leave to file a supplemental affidavit of defence raising a wholly new ground of defence is too late.

Rule for judgment for want of sufficient affidavit of defence. C. P. No. 3, Phila. Co., Dec. T., 1921, No. 404.

*S. W. Cooper*, for plaintiffs; *T. J. Grayson*, for defendant.

McMICHAEL, P. J., June 26, 1922.—Plaintiffs entered into contracts for the sale and delivery of coal to the Eastern Coal Estates, for which coal the defendant has assumed liability. The contracts are in writing in the form of letters, and a large amount of the coal so purchased was delivered and accepted by the Eastern Coal Estates. The various letters constituting the said contracts provided that the coal be subject to inspection by the Eastern Coal Estates at the mines before shipment, and if found to be defective, either in size, ash content or gas content, the purchaser should not be obliged to accept the coal.

2 D. & C.

Counsel for defendant contends that the written contracts were abrogated by a custom in the trade relating to the acceptance without inspection of coal so ordered under a written contract. Whatever this custom may be, it is not sufficiently set forth by the defendant in the affidavit of defence, nor is it admitted by the plaintiffs. We are of opinion that, under the averments of the affidavit of defence, the plaintiffs are entitled to judgment, as we do not think that any custom of the trade could be received in evidence in contradiction of an express written agreement between the parties. As before stated, the custom is not set forth in the affidavit of defence with the definiteness and certainty required by law, as held in a very recent decision of the Supreme Court: Albus v. Toomey, 273 Pa. 303 (Advance Reports, June 9, 1922), opinion by Mr. Justice Kephart, Feb. 13, 1922. We think that this case, which sets forth very clearly the law relating to the validity of a custom, and the character of the evidence requisite to sustain it, is conclusive against the defendant in the case at bar. The averments in the affidavit of defence fall far short of the requirements. And it is to be noted that the custom alleged is directly contradictory of the written contract of the parties.

In the opinion of the court, this is a series of contracts and not one entire contract.

It must be further borne in mind that there is no specific averment of a refusal to accept the coal under the various contracts. On the contrary, it is admitted that the coal was accepted; and what the nature of the claim for damage set up in the counter-claim is based upon does not appear in detail.

The defendant at bar asked leave to file a supplemental affidavit of defence, averring that there was a subsequent oral agreement between the parties dispensing with the inspection of the coal at the mines. This defence was not suggested at all in the affidavit of defence or in the defendant's counter-claim, and the court is of opinion that it is too late now; that the case should be decided upon the statement and the affidavit of defence.

The defendant at bar also asked to be allowed to file a supplemental affidavit of defence, setting forth in greater detail its defence as to the custom of the trade; but, as we have already indicated above, we think that this defence is insufficient, and that further elaboration would be unavailing and that the defendant is now too late.